UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MICHAEL VINCENT THRASHER, | : | CASE NO. 19-54628 - SMS |
| | : | |
| DEBTOR. | : | |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY MILTON D. JONES AS ATTORNEY FOR DEBTOR

COMES NOW Nancy J. Gargula, United States Trustee for Region 21 (the "United States Trustee"), in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and files the following Objection to Debtor's Application to Employ Milton D. Jones as Attorney for Debtor (the "Application") (Doc. No. 17) filed by Debtor on April 23, 2019, in the above-captioned case.

1. Michael Vincent Thrasher (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 25, 2019 (the "Petition Date"), and remains in possession and control of the assets and operations of the resulting bankruptcy estate as debtor in possession.

2. On April 23, 2019, Debtor filed the Application seeking approval of the employment of Milton D. Jones ("Attorney Jones") as his bankruptcy counsel. Attached to the Application is a statement, dated April 23, 2019, by Attorney Jones made pursuant to Fed. R. Bankr. P. 2014 (the "Rule 2014 Statement").

3. On April 25, 2019, the Court entered an order granting the Application, subject to objection by the United States Trustee for a period of 21 days. The United States Trustee has through May 15, 2019, to object to the Application and the Court's order.

4.      The Application represents that Attorney Jones is disinterested, as that term is defined in section 101 of the Bankruptcy Code.

5.      In the Rule 2014 Statement, Attorney Jones represents that he has not had "business, professional or connections during one year prior and up to the date of this declaration with the aforementioned debtor, its creditors, or any other party in interest in this case, or their respective attorneys or accountants which would be at adverse to this estate."

6.      On May 12, 2019, Attorney Jones filed an Application for Final Compensation by Attorney (the "Fee Application"). The Fee Application requests compensation for the period January 17, 2019 through May 12, 2019.

7.      According to the Fee Application, during the pre-petition period January 17, 2019 through March 24, 2019, Attorney Jones expended 34.65 hours on Debtor's behalf.

8.      The pre-petition time includes 15.4 hours of work which does not appear to be directly related to Attorney Jones' representation of the Debtor in this bankruptcy case, including

    a)    2/6/19 – in office discuss upcoming GA EPD hearing

    b)    2/21/19 – review request to reset hearing

    c)    2/22/19 – produce letter and discussions for reset

    d)    3/8/19 – in office review of docs

    e)    3/11/19 – phone call to talk about rq to produce docs

    f)    3/12/19 – input produced docs per rq to produce

    g)    3/13/19 – sent emails to atty prepare for contempt hearing

    h)    3/14/19 – appear and testify in contempt hearing

9.      The Fee Application also includes $114.30 in expenses for "print out docs for hearing," which appears related to the pre-petition litigation with the Georgia EPD.

10. The fees for the pre-petition time and expenses which do not appear directly related to the bankruptcy filing total $5,504.30, which represents more than 1/3 of the total requested in the Fee Application.

11. Attorney Jones did not disclose the pre-petition, non-bankruptcy work he performed on Debtor's behalf in the Application or Rule 2014 Statement.

12. Neither the Application nor the Rule 2014 Statement disclosed Attorney Jones' status as a pre-petition creditor or his participation in the pre-bankruptcy litigation.

13. Section 327 of the Bankruptcy Code permits the trustee (or debtor in possession) to employ, with the Court's approval, attorneys and other professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ."

14. A disinterested person is a person that

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relation to, connection with, or interest in, the debtor or for any other reason.

11 U.S.C. § 101(14).

15. Federal Rule of Bankruptcy Procedure 2014 requires an application for an order of employment to contain "any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

16. The Application and Rule 2014 Statement fail to adequately disclose Debtor's connections with Attorney Jones.

17. Because Attorney Jones is a pre-petition creditor of the Debtor, he is not disinterested and, therefore, cannot be employed by Debtor under section 327 of the Bankruptcy Code.

18. Because Attorney Jones did not adequately disclose his connections to the Debtor, the Application should be denied because it does not comply with Rule 2014.

WHEREFORE, the United States Trustee prays the Court will enter an order (i) denying the Application, and (ii) for such other relief as is necessary and appropriate. The United States Trustee respectfully requests to be heard at a hearing on this matter.

> NANCY J. GARGULA
> UNITED STATES TRUSTEE
> REGION 21
>
> By: _____/s/_____
> Lindsay P. S. Kolba
> Georgia Bar No. 541621
> United States Department of Justice
> Office of the United States Trustee
> 362 Richard Russell Building
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303
> (404) 331-4437
> lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

    This is to certify that I have on this day electronically filed the foregoing *Objection to Debtor's Application to Employ Milton D. Jones as Attorney for Debtor* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Milton D. Jones
Debtor's Counsel
miltondjones@comcast.net

    I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Michael Vincent Thrasher
4 Cascade Pointe Dr SW
Atlanta, GA 30331-8501

                                                  */s/*
                                        Lindsay P. S. Kolba
                                        Georgia Bar No.  541621
                                        United States Department of Justice
                                        Office of the United States Trustee
                                        362 Richard B. Russell Building
                                        75 Ted Turner Drive, SW
                                        Atlanta, Georgia 30303
                                        (404) 331-4437, ext. 152
                                        lindsay.p.kolba@usdoj.gov